WILSON *v.* RICH.

(Division B. April 25, 1932.

[141 So. 287. No. 29976.]

**Mize, Mize & Thompson,** of Gulfport, and **Gex & Gex,** of Bay St. Louis, for appellant.

**W. L. Guice**, of Biloxi, and **John L. Heiss**, of Gulfport, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant sued appellee for damages for a personal injury alleged to have been caused by appellee's negligence in running his automobile into the automobile driven by appellant. There was a verdict and judgment for appellant in the sum of five hundred dollars, from which judgment appellant prosecutes this appeal upon the ground alone that the judgment is so grossly inadequate as that the court ought to set it aside and grant her a new trial.

The jury heard the nonexpert as well as the expert testimony, with reference to the extent of appellant's injuries. Appellant testified in her own behalf, going into detail as to the extent of her injuries and suffering. Her physician testified. An analysis of his testimony as a whole means simply this: That according to appellant's objective symptoms she was not seriously and permanently injured; but according to her subjective symptoms she was seriously and probably permanently injured. He testified that an objective examination of appellant showed that (to use his own language) ''she looks healthy—she looks all right.'' He testified further, however, that a subjective examination of appellant, by which he meant taking what she said herself about her symptoms to be true, showed that she was seriously and probably

permanently injured. The jury had appellant before them. They saw her physical appearance; they saw her manner of testifying; and they saw her as she approached and left the witness stand.

We do not believe there is an issue of fact which the ordinary jury is more capable of passing upon than an issue of this character, and especially where the plaintiff has testified fully as to the character and extent of the injuries, as was done in this case. Viewing the entire evidence in this case as to the character and extent of appellant's injuries, we cannot say with satisfaction that the verdict of the jury is so small as to evince passion or prejudice on their part.

Affirmed.