BIEDENHARN CANDY CO. *v.* MOORE.

(Division A.  Feb. 20, 1939.)

[186 So. 628.  No. 33519.]

722

**Brunini, Wright & Brunini,** of Vicksburg, for appellant.

**Chaney & Culkin**, of Vicksburg, for appellee.

Argued orally by **John Brunini**, for appellant, and by **John Culkin**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This action is on the implied warranty of a bottler of beverage that the beverage bottled and distributed by him is wholesome and fit for human consumption, which this Court holds inures to the ultimate consumer. Kroger Grocery Company v. Lewelling et al., 165 Miss. 71, 145 So. 726, and the numerous cases there cited.

The appellant says that the court below erred in:

1. Refusing its request for a directed verdict in its favor.

2. Refusing to exclude the appellee's evidence of pain and suffering.

3. Refusing its request for an instruction directing the jury to award the appellee only nominal damages.

4. Refusing the following instruction: ''The Court instructs the jury for the Defendant that the law does not permit the recovery of damages for illness or pain occasioned solely by mental worry or fright or revulsion, and if you find for the Plaintiff, and you further believe that Plaintiff's suffering, if any, was occasioned solely by her mental or emotional disturbance, then even though you may still bring in your verdict for the Plaintiff, the damages allowed her by you shall be only nominal, by which is meant some trifling sum which is allowed for the infringement, if any, of her legal rights.''

5. Refusing to hold that the verdict of $500 is excessive.

The evidence discloses that the appellee purchased from a retail dealer a bottle of Coca Cola, which the jury was warranted in believing was bottled by the appellant and delivered by it to this dealer. The cap on the bottle was removed by the retailer for the appellee, who then drank part of the Coca Cola, discovered about half of a mouse therein, and was made sick thereby. This evidence made a prima facie case for the appellee and shifted to the appellant the burden of giving evidence that no part of a mouse was in the bottle when delivered

to the retail dealer. This it attempted to do by proving its method of bottling beverages, which it says excludes any possibility of unwholesome matter getting into bottles. No evidence was introduced as to how this particular bottle was filled, except that all bottles were filled in accordance with the appellant's custom therefor.

All this may be true—nevertheless, a part of a mouse was in the bottle when purchased by the appellee, and the jury was warranted from the evidence in believing that when the bottle was uncapped, it was in the same condition that it was in when delivered by the appellant to the retailer, and that nothing got into its contents after the cap was removed, and before the appellee drank it. Consequently the jury was warranted in believing that notwithstanding the care exercised by the appellant, a part of a mouse was in the bottle when the appellant delivered it to the retailer, from which it follows that no error was committed in refusing the appellant's request for a directed verdict.

The second, third, and fourth assignments of error may be considered together for each of them is predicated upon the appellant's claim that the appellee's illness was "occasioned solely by mental worry or fright or revulsion." The evidence of the physician who treated the appellee a few minutes after she drank the Coca Cola, and also for some days thereafter, was to the effect that the appellee's nausea and illness, which continued over a period of several days, was caused by "a nervous reaction from the thought of having swallowed this material." In support of these assignments of error, the appellant cites our line of decision in actions ex delicto holding that mental suffering disconnected from physical suffering is not an element of damages. What we have here, however, is a breach of the appellant's contract—an implied warranty—that the contents of the bottle purchased by the appellee were wholesome and suitable for human consumption—specifically that it did not contain a part of a dead mouse, which warranty the

jury has said was broken. The natural and ordinary consequence of one drinking a beverage and then ascertaining that it contained a part of a dead mouse is that he would become nauseated—sick at the stomach, a physical ailment. Whether this physical ailment was preceded by and resulted from emotional distress caused by ascertaining the presence of the animal matter in the bottle is of no consequence, for the appellant's failure to keep this matter out of the bottle was the cause of the emotional distress, which directly resulted in the physical injury. Hale on Damages, 146; cf. Doherty v. Mississippi Power Company, 178 Miss. 204, 173 So. 287. The second, third, and fourth assignments of error present no erroneous ruling of the court below.

This brings us to the fifth assignment of error. There is no exact standard by which to determine the amount of damages to be awarded for pain and suffering, the only standard therefor being what a reasonable man would consider as fair compensation therefor—what the jury, as reasonable men, so consider and a jury's verdict so determining will not be disturbed unless it evidences passion, prejudice, or corruption, and we cannot say that any such appears here. Cf. Bufkin et al. v. Grisham, 157 Miss. 746, 128 So. 563.

Affirmed.