MERIDIAN COCA COLA BOTTLING CO. *v.* ILLGES.

(Division A. Nov. 6, 1939.)

[191 So. 817. No. 33856.]

Jacobson & Snow, of Meridian, for appellee.

J. V. Gipson, Fred Ross, and M. V. B. Miller, all of Meridian, for appellee.

Argued orally by **E. L. Snow**, for appellant, and by **M. V. B. Miller**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant bottled and put on the market a bottle of coca cola that had a fly in it, according to the evidence for appellee. Appellee bought the bottle from a retail merchant in Meridian, opened it, and drank part of the contents without knowing the fly was in it. He became nauseated and vomited. He brought this action against appellant to recover damages for the injury, and on trial recovered a judgment in the sum of $750. From that judgment, appellant prosecutes this appeal.

There are only two questions of sufficient seriousness to call for a discussion. They are: (1) Whether the court erred in overruling appellant's motion to have the jury view the plant where the coca cola was bottled by appellant; (2) whether the court should have granted appellant's motion for a new trial upon the ground that the verdict was so excessive as to evince passion and prejudice on the part of the jury. We will consider these questions in the order stated.

Although it might have been helpful to the jury in arriving at a verdict to view the plant and see it in opera-

tion, we cannot say with sufficient confidence the court erred in refusing to permit that to be done. The evidence was very full and complete of the precautions taken by appellant to prevent any contamination in the process of bottling the coca cola and putting it upon the market. Section 2066 of the Code of 1930 is the authority for permitting the view. The statute expressly provides that whether a view will be granted is within the discretion of the trial court. In National Box Company v. Bradley, 171 Miss. 15, 154 So. 724, 157 So. 91, 93, 95 A. L. R. 1500, the Court, in construing this statute, held that "the trial court is seldom, if ever, obliged to allow a view of the premises, and it would be a rare case that a refusal by the court so to allow, could successfully be assigned here as error; for the statute expressly places such a refusal in the discretion of the trial court." We are of opinion that the action of the trial court in this respect did not constitute an abuse of discretion.

The appellee, as a witness in his own behalf, testifying in reference to the injury, stated that he did not consult a physician; that for some months prior to the drinking of the bottle of coca cola, he had been in poor health; that a little while after drinking the coca cola, he became nauseated and vomited, he then sat down in the back room of the store and watched a card game going on; he became nauseated again and went out and vomited; and for ten days or two weeks thereafter, he was nauseated. We are of the opinion that $750 is entirely too much compensation for the injury; that it is so excessive as to evince passion or prejudice on the part of the jury. We think half of that amount would have been an ample verdict. Upon that ground alone, the judgment is reversed and the cause remanded for another trial on the issue of damages alone, unless appellee will enter a remittitur to the amount of $375. If that is done, the judgment will stand affirmed for the reduced amount.

Affirmed with remittitur.