HARDIN'S BAKERIES, INC. v. KELLY

No. 43697 December 6, 1965 180 So. 2d 605

*Snow, Covington, Shows & Watts,* Meridian, for appellant.

*Williamson, Pigford & Hendricks,* Meridian, for appellee.

Smith, J.

The appellee, Mrs. Cecil Kelly, sued appellant, Hardin's Bakeries, Inc., in the Circuit Court of Lauderdale County demanding damages for personal injuries claim-

ed to have been sustained as the result of eating bread manufactured and distributed by appellant which she alleged contained bits of glass. A jury returned a verdict for plaintiff in the amount of $10,000.00, and judgment was entered accordingly. From that judgment, this appeal has been prosecuted.

The evidence adduced in support of Mrs. Kelly's claim is to the effect that she took one bite of a peanut butter sandwich prepared by her daughter from bread manufactured and distributed by Hardin's which contained glass, and that she was injured when a piece of this glass lodged in her throat. She does not seem to have noticed the glass in the bread immediately but desisted from eating the sandwich after the first bite upon being told by her daughter that glass had been discovered in the remainder of the loaf from which it had been prepared.

It appears that Mrs. Kelly had the misfortune to suffer several ailments which required extensive and costly surgery and hospitalization during the period covered by the evidence and which followed the above incident. She was in and out of hospitals and under the care of doctors for several months. By far the greater part of this was for conditions wholly unrelated to her claim that she swallowed the bit of glass which lodged in her throat. Among the conditions for which she was hospitalized and operated upon and for which the defendant was in no way responsible were goiter (which she had for thirteen years and which was removed by surgery), a hysterectomy, and an operation for adhesions or rupture. The jury was permitted to hear evidence as to these things and as to the expenses associated with them. The court recognized that these matters were irrelevant to any issue in the case and were likely to mislead the jury and at the conclusion of the trial the jury was instructed that under no circumstances was plaintiff entitled to recover any medical expenses or doctors' bills

resulting from the goiter operation, the hysterectomy operation, or for the operation for adhesions or rupture, as there was no connection between such ailments and the swallowing of glass alleged to have been in the bread.

We do not imply that an error in the admission of prejudicial evidence may never be cured by proper instructions. But under the peculiar circumstances of this case, where the medical evidence relating to the injury charged against the defendant was so interwoven with similar evidence touching wholly unrelated surgery and hospitalization as to be virtually inextricable, it is doubtful that instructions were wholly effective in undoing the resulting harm.

The surgery required as a result of swallowing the glass contained in the bread consisted of an exploration of appellee's throat by means of a light and by having appellee swallow cotton in order to locate any foreign body that might have become embedded in the throat wall. Her throat was then X-rayed and cotton fibers were allegedly shown by the picture to have been caught on some protruding sharp object in the throat wall. This exploratory "operation" was followed by an excision of a small piece of tissue from the inside of plaintiff's throat. The doctor said this contained some hard substance which was not further identified. The jury apparently inferred from the circumstantial evidence before it that this hard substance was a bit of glass which had been in the bread. The evidence showed that Mrs. Kelly had fully recovered at the time of the trial.

Appellant made a motion for a new trial upon several grounds, one of which was that the amount of verdict was so grossly excessive and contrary to the proof as to evince bias, passion and prejudice on the part of the jury. We have concluded that the motion should have been sustained upon this ground and a new trial granted upon the issue of damages alone.

In Coca Cola Bottling Works, Inc. v. Tate, 193 Miss. 883, 11 So. 2d 695 (1943), there was a verdict for $2500.00 for the plaintiff who claimed that there was glass in a Coca Cola which she drank. This verdict was reduced on appeal to $1250.00.

The Court cited Coca Cola Bottling Works, Inc. v. Petty, 190 Miss. 631, 200 So. 128 (1941); Meridian Coca Cola Bottling Company v. Illges, 187 Miss. 27, 191 So. 817 (1939); Biedhenharn Candy Company v. Moore, 184 Miss. 721, 186 So. 628 (1938); Wilson v. Rich, 163 Miss. 403, 141 So. 287 (1932); Coca Cola Bottling Works, Inc. v. Simpson, 158 Miss. 390, 130 So. 479, 72 A.L.R. 143 (1930); Coca Cola Bottling Works, Inc. v. Lyons, 145 Miss. 876, 111 So. 305 (1927).

 The case is a close one upon the issue of liability. But accepting as true all that the evidence proved or tended to prove and all reasonable inferences that may be drawn therefrom favorable to appellee's contentions, the jury was warranted in finding that there was glass in bread manufactured and distributed by appellant, and that appellee sustained an injury as the result of having swallowed a particle of glass when she took a bite from a sandwich made from it. However, we think the amount of the verdict was so grossly excessive as to evince passion and prejudice on the part of the jury and that there should be a new trial upon the question of damages alone.

 Upon retrial of that issue, all evidence relating to hospitalization and surgery for the goiter, hysterectomy, adhesions or rupture and to the expenses and pain and suffering and loss of time or earnings connected therewith should be excluded. This evidence is peculiarly prejudicial and could only serve to confuse the jury and to excite undue sympathy for the plaintiff. It has no relation to any issue in the case and no reference should be made to it in the presence of the jury.

The declaration contains a demand for hospital, doctors, and medical expenses in the amount of "$_____" alleged to have been incurred by plaintiff as the direct result of swallowing the piece of glass. The maximum amount of these bills should have been stated in the declaration. Chapman v. Powers, 150 Miss. 687, 116 So. 609 (1928).

No motion for a bill of particulars was made, however, and it was not error to receive evidence of such expenses if specifically identified and proved as required by the rules of evidence, separate and distinct from other medical and doctors' bills which resulted from hospitalization, surgery and medication unrelated to the injury for which Hardin's was responsible.

The case is affirmed as to liability, and is reversed and remanded for a new trial as to damages alone.

Affirmed as to liability, and reversed and remanded for a new trial upon the question of damages alone.

*Lee, C. J., and Rodgers, Jones and Inzer, JJ., concur.*