Meridian Amusement Concession Co. *v.* Roberson *et al.*

(Division A. Jan. 29, 1940. Suggestion of Error Overruled March 25, 1940.)

[193 So. 335. No. 33973.]

**Jacobson & Snow,** of Meridian, for appellant.

140

142

Gilbert & Cameron, **E. T. Strange,** and **Edwin A. Dunn,** all of Meridian, for appellees.

Argued orally by **E. L. Snow,** for appellant, and by **Charles S. Cameron,** for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees are next of kin of Theodore Roberson, deceased, a child ten years old when he lost his life by drowning. Appellant is an amusement corporation. It operated two swimming pools in Highland Park in the City of Meridian. The Roberson child was drowned while in one of these pools. His father, mother and sisters brought this action in the circuit court against appellant to recover damages for his death, upon the ground that it was caused through the negligence of the lifeguards whose duty it was to look after the safety of those using the pools; and recovered a judgment in the sum of $7,000, from which judgment appellant prosecutes this appeal. The errors assigned are the refusal of a directed verdict requested by appellant; the giving of certain instructions for appellee, and the refusal of instructions requested by appellant; and that the verdict is excessive.

Appellant operated two swimming pools in Highland Park, one 82½ feet in width by 160 feet in length, the depth of which graduated from 3½ feet to 9½ feet. The other pool was 25 feet in width by 40 feet in length, and graduated in depth from 1½ to 3½ feet. The general public was invited to and did use both of the pools, paying an admission charge therefor. Appellant furnished life-guards to protect the safety of those using the pools. There were high metal chairs provided for the use of the life-guards. The Roberson child, with two of his sisters, one 13 and the other 15 years of age, were using the larger pool, after having paid the admission charge. The shallow pool was being drained and cleaned, and for that reason it could not be used. The larger pool was for adults and children, while the smaller one was for children alone.

The evidence relied on as establishing negligence on the part of appellant, although largely conflicting, either showed without dispute or tended to show the following

state of facts: The Roberson child could not swim. He left the smaller and went into the larger pool with his sisters. This occurred in full view of the life-guards. They made no effort to ascertain whether he could swim, and no warning was given by them to him or either of his sisters relative to the danger connected with the use of the larger pool. When they entered, there was no guard stationed at the place of entrance to warn them of the danger. At one time the sisters saw him getting into deep water and called him back, warning him of the danger. He responded by returning to shallow water. Later he went back into deep water and was drowned. No one saw him when he went down under the water and failed to come up. Shortly before, he was seen on the north side of the pool, where the water was deep, hanging onto a gutter directly in front of one of the life-guards. The larger pool was used for both adults and children. The varying depth in it was marked on its walls and on top of the curbing. A short time before the child was drowned he was out of the pool on a walkway near a point where there was a metal ladder which went down into the pool where the water as about seven feet deep. His body as found near this point. Some of the lifeguards, and especially one on the north side of the pool, were taking up a good deal of their time in attentions to young ladies around in bathing suits. One of these female bathers walked up behind the guard on the north side of the pool, placed her arms around him, and hugged and kissed him. At that time, another guard was near, but had his back to the pool. The one kissed and hugged by the young lady in "shorts" left his station and went over to the bath-house with her.

The larger part of appellant's argument and brief is devoted to the proposition that it was entitled to a directed verdict, which was requested but refused by the Court. It is often difficult to determine a question of this character, and that is true of this case. We are of opinion, however, that the court committed no error

in that respect. It was a question for the jury whether the child lost its life through the negligence of the life-guards. The indication from the evidence is that if they had used reasonable care in looking after the safety of the child he would not have drowned.

The court gave six instructions for appellee and thirty-four for appellant, and refused eleven for appellant. Appellant assigns and argues that the court erred in the giving of some of the instructions for the appellee, and the refusal of those requested for appellant and refused. We are of opinion that no harmful error was committed in the giving or refusing of instructions. Those given covered every conceivable feature of the case. By them, the applicable principles of law to the material issues of fact were clearly put to the jury. They could not have been misguided thereby. A discussion of them here would be of little, if any, value to the bench and bar; the questions raised are not new.

The amount of the verdict is assigned as error. It is argued that it is so excessive as to evince passion and prejudice on the part of the jury. We cannot, with suf-ficient confidence, say that is true.

Affirmed.