BLIZZARD v. FITZSIMMONS.

(Division B.   Oct. 26, 1942.)

[10 So. (2d) 343.   No. 34918.]

486

Wallace & Greaves, of Gulfport, for appellant.

**Bidwell Adam** and **Gaston H. Hewes,** both of Gulfport, for appellee.

**Griffith, J.**, delivered the opinion of the court.

Appellant, who will be called the defendant, operated a public skating rink in the City of Gulfport. A specified and exclusive period of time on each Saturday morning was set aside for the accommodation of children. On the Saturday morning here involved appellee, who will be called the plaintiff, appeared and paid his admission fee of ten cents, which fee included the use of a suitable pair of skates. Plaintiff was a healthy and intelligent boy approximately nine years of age. Although he had frequently seen children skating on the sidewalks and elsewhere, he had never himself skated, but of this he did not inform defendant's agents in charge nor did the agents make any inquiry in that regard. Upon attempting to skate, the plaintiff fell, and upon arising and renewing the attempt he fell again. According to the

evidence, he did not at any time succeed in taking as much as two or three steps without a fall thereupon occurring; but plaintiff persisted nevertheless in his attempts until he had fallen in close succession some forty to fifty times. When having suffered this long succession of falls, plaintiff began to cry, whereupon for the first time one of defendant's agents came to his rescue and assisted him from the floor.

Plaintiff was then taken home and put to bed where he remained thirteen days, when he was removed to the hospital where an operation was performed upon his hip. The surgeon, as a witness, explained that there is present in the human body a certain germ which is likely to be stirred into activity by repeated trauma, its activity being manifested by attack on the bone at the point where the repeated trauma occurs, and that in children less than twelve years of age this likelihood in cases of repeated trauma will become a probability. Plaintiff remained in the hospital some three months, and is now an inmate of a crippled children's home.

On the opening question of liability, there is brought into view two well established rules. One is that a person who participates in the diversion afforded by an amusement or recreational device accepts, and assumes the risk of, the dangers that adhere in it so far as they are obvious and necessary. 4 Shearman & Redfield on Negligence, Revised 1941 Ed., Sec. 647, p. 1566. And the other is that the proprietor engaged in the business of providing public recreation or amusement must exercise a reasonable degree of watchfulness to guard against injuries likely to happen in view of the character of the amusement. Meridian Amusement Concession Company v. Roberson, 188 Miss. 136, 193 So. 335.

Under the first of the above rules, the proprietor of a skating rink in a large municipality, where paved sidewalks abound, is entitled to assume, when a healthy boy of nine years appears and applies for the privilege to

skate, that the boy knows how to skate and is reasonably well able to take care of himself in that respect, and if in any view the proprietor is to be charged with any responsibility to him as one who cannot skate, the proprietor must first be informed that the boy is wholly without experience as a skater, and as we have already mentioned, no such information, so far as the record shows, was given the proprietor, or any of her agents, when the plaintiff herein appeared and attempted to skate.

If, then, any liability is to attach against the proprietor on account of the happenings here, it must be because her agents in charge did not take the boy from the floor or give him any assistance after he had suffered falls in a sufficient number or in such manner that those agents saw thereby, or should have seen, under their general duty of watchfulness, that the boy was helpless to skate unaided, as he was persisting in the attempt to do, and that his continued efforts would in all probability result in further falls in repeated succession, as in fact did result.

For the purpose of this case, we will concede, although we do not so decide, that defendant is liable for the consequences of the series of falls which occurred after the time when a reasonable degree of watchfulness would have disclosed the total inability of the boy to skate and the likelihood of some serious injury on account thereof, and so doing we have two series of falls for the first of which we hold the defendant not liable and thereafter a second series for which we are conceding, although not deciding, that the defendant is liable; and this done, we are inescapably confronted by a further vital question with which we must now deal.

All the authorities agree that recoverable damages must be reasonably certain in respect to the efficient cause from which they proceed, and that the burden is on the claimant to show by a preponderance of the evi-

dence that the person charged was the wrongful author of that cause. Here, we have a single and indivisible result,—an injury not apportionable so that a part may be traced to one cause and another part to another cause, and the damages apportioned accordingly. And thus the question is immediately presented: Did the ultimate single and indivisible result happen because of the earlier series of falls for which the defendant is not liable, or from the latter part of the series for which, by concession but not by decision, the defendant is liable? As will be later more particularly mentioned, there is no evidence on that issue, and in the absence thereof it is obvious that this question can be answered only by resort to surmise or conjecture.

To avoid such a resort, we are driven to one or the other of two alternatives, and the first of these is to say that the injury was the result of the two series of falls added together, thereby creating an essential whole. But this is of no aid, for manifestly a defendant cannot be held liable for the whole of a series of consecutive, and not concurrent, happenings when he is liable, if at all, only for a part. Consecutive wrongs done by independent agents cannot be conjoined to increase or enlarge the responsibilities of one of them. Bufkin v. Louisville & N. R. Company, 161 Miss. 594, 599, 137 So. 517. For the stronger reason, when the first of a series of happenings is no wrong at all, it may not be conjoined to increase or enlarge the responsibilities for later wrongful acts. A defendant chargeable with a nonconcurrent wrong may be made liable for damages for his part when the damages are such that they may be apportioned, and a portion thereof can be traced with reasonable certainty to the wrong of the defendant as the cause of that portion; and this is as far as any of the cases, when closely examined, have gone. But, as already shown, we have no such case here as may be made subject to that rule.

We would have to say, then, and as a final alternative,

that the part for which the defendant is liable contributed substantially to the result produced by the whole of the series; but so to do we must look to the evidence to see whether there is anything therein upon which we could safely or dependably so say, rather than by recourse again to surmise or conjecture. All that the evidence contains on that subject is that the surgeon said— giving that testimony as favorable an interpretation in behalf of the plaintiff as the jury could be permitted to indulge—that the injury suffered by the plaintiff was the probable result of repeated trauma, but whether of two falls, or three or five, or more, he did not say, or whether after the first two to five, the others would or would not be of substantial effect as contributing causes he did not say; and the peculiar nature of the particular injury is not one wherein the absence of expert evidence may be supplied by common knowledge. See Kramer Service, Inc., v. Wilkins, 184 Miss. 483, 499, 186 So. 625. And it is hardly necessary to add that the burden was on the plaintiff to prove the facts essential to the maintenance of his case.

The rule is that no recovery can be had where there is no showing from which it can be determined which of several possible causes produced the injury where some of the causes did not involve negligence of the party charged. Bailey Personal Injuries (2nd Ed.), p. 148. For all that the evidence shows, the injury sued for may, with as much probability as otherwise, have resulted from the first among the series of falls, or, in other words that the ultimate injury may have developed, although the second series of falls had not occurred. Compare Taylor v. City of Yonkers, 105 N. Y. 202, 209, 11 N. E. 642, 59 Am. St. Rep. 492, and the elaborate discussions in Cook v. Minneapolis, etc., R. Company, 98 Wis. 624, 74 N. W. 561, 40 L. R. A. 457, 67 Am. St. Rep. 830, and Laidlaw v. Sage, 158 N. Y. 73, 79, 101, 52 N. E. 679, 44 L. R. A. 216. To go further, we would have to travel on

guess on conjecture or surmise, and as to this, we have repeatedly held that however adequate surmise may be deemed as sufficient to actuate people when the life, liberty or property of other persons is not involved, no judgment in a court of law may be sustained when resort to conjecture or surmise is necessary in order to arrive at the conclusions embraced in the judgment.

It is our opinion, therefore, that the injury of which plaintiff complains has not been traced with requisite certainty to an efficient cause for which the defendant is responsible, and that the peremptory charge requested by defendant should have been given.

Reversed and judgment here for appellant.