## MAGNOLIA PETROLEUM CO. *v.* WILLIAMS.

No. 39418 December 20, 1954 76 So. 2d 365

*Brunini, Everett, Grantham & Quin,* Vicksburg and Jackson; *Earl A. Brown, Charles B. Wallace,* Dallas, Texas; *John M. Grower,* Jackson, for appellant.

*Woodrow C. Jones,* Waynesboro, for appellee.

Gillespie, J.

Magnolia Petroleum Company, appellant, drilled two oil wells in 1948 in the Yellow Creek Field in Wayne County, Mississippi. These two oil wells produced about twelve barrels of salt water each day which was emptied into a disposal pit located 991.6 feet northwest of the water well of J. W. Williams, appellee. This water well was drilled in December, 1950 to a depth of 67 feet, and produced good water which was used for human and animal consumption. On April 1, 1951, and thereafter, the water from appellee's well was salty — tasted like brine or other minerals — and was unfit for human or animal consumption. Williams sued the ap-

pellant for damaging his well, alleging that appellant negligently constructed and maintained the salt water disposal pit in that it caused the earth in the vicinity to become saturated with salt and other impurities.

There were gravel pits in the vicinity of appellee's water well to a depth of 80 feet, and the earth in the area contained much sand and gravel. There was gravel under appellant's salt water disposal pit. Appellant's salt water disposal pit was coated with an asphalt bottom, which was the residue of the first oil produced from one of the oil wells, and which oil was mixed with mud and unsaleable. This oil was bled into the pit and burned, leaving the asphalt residue. The jury was justified in finding that there was seepage of salt water from appellant's salt water disposal pit, but the extent of the leakage, and how much of the salt water evaporated from the pit, was not shown.

Appellee's water well was located in an oil field and there was an oil well on each forty acres of land in the surrounding area. There were four or five salt water disposal pits surrounding appellee's water well, including the one owned and operated by appellant. These pits, other than the one belonging to appellant, were within a distance of a quarter of a mile to three-fourths of a mile from appellee's water well. Salt water from three oil wells was emptied into one of these other disposal pits. One of these other salt water disposal pits, over which appellant had no control and did not own, had a gravel bottom and the salt water ran directly into the gravel bed thereunder. One of these salt water disposal pits, not operated by appellant, had been in operation for two years prior to the drilling of appellant's first well. The record is silent as to the amount of salt water emptied into the disposal pits operated by parties other than appellant.

It was shown by actual measurement of appellee's surveyor that the ground surface at appellant's salt water disposal pit was about five feet lower than that of

appellee's water well; and that there were one or more draws or drains between the salt water disposal pit and appellee's well so that there could not have been any surface drainage from the pit to the water well. The direction of surface drainage was northeastward in the area of appellant's disposal pit and appellee's water well.

The jury found for the appellee in the sum of $1,250.00.

Appellant assigns as error the refusal of the lower court to grant a peremptory instruction because of the failure of the plaintiff to prove proximate causation. Our decision turns on this question.

 We must consider the evidence and all reasonable inferences to be drawn therefrom most favorably to the appellee; but when this is done, it does not fairly or reasonably prove that the appellant was responsible for the wrong. When inferences must be relied upon to establish a fact necessary to rendering a judgment such inferences must be reasonably cogent. Appellee's water well was surrounded with oil wells and salt water disposal pits. The proof failed to show the probable direction that salt water from the disposal pits surrounding appellee's water well would percolate through the earth, nor whether all the underlying area was permeable. Nor did the proof show whether the earth strata from which appellee drew water was probably connected with the strata of earth into which salt water seeped from appellant's disposal pit.

 The law requires that the plaintiff in tort actions prove with reasonable definiteness that the party charged with a wrong be the party responsible for the wrong. We said in the case of McCain v. Wade, 181 Miss. 664, 180 So. 748, that:

". . . But in this class of cases, as in other actions in tort, the plaintiff must show with fair or reasonable certainty or definiteness that the party charged is the party actually responsible for the wrong. It is not enough that this shall be left to conjecture or to infer-

ences so loose as that it cannot be dependably told where conjecture ceases and cogent inference begins.

"We have repeatedly read this record through and through, and from what we can see, all that the jury could have done would have been to make an unsafe guess as to whether the fire that burned the hay had its origin in one set out by defendant's husband and agent, or whether from fires set by one Wortham or his co-workers not in the employ of defendant — so far as any real proof is concerned — or whether from other sources, it being shown that fires were at several points in that immediate vicinity. As we have already indicated, the evidence is obscure in cogency and in probative detail. And thus, had the jury made the guess that the fire had its origin in the one set out by defendant's husband, it would not have had the support of that substantial character of definite evidence which is necessary to maintain the affirmative of an issue, such as here involved, which, as we have said, is required to be proved with a reasonable degree of certainty."

 No recovery may be had in a tort action where there are several possible causes of the injury, some not involving the negligence of the party charged, if there is no showing from which it can be determined which of the several possible causes probably produced the injury. Blizzard v. Fitzsimmons, 193 Miss. 484, 10 So. 2d 343. This is another way of saying that no judgment may be allowed to stand when the conclusions upon which it is based are reached by resort to conjecture or surmise.

 We hold that appellee did not meet the burden of proving by direct proof or reasonable inference that appellant was the party guilty of contaminating the water well. Cf. McCain v. Wade, supra; Blizzard v. Fitzsimmons, supra; Masonite Corp. v. Dennis, 175 Miss. 855, 168 So. 613; Kramer Service, Inc. v. Wilkins, 184 Miss. 483, 186 So. 625; Masonite Corp. v. Hill, 170 Miss. 158,.

154 So. 295; Tombigbee Electric Power Assn. v. Gandy, 216 Miss. 444, 62 So. 2d 567.

Reversed and judgment here for appellant.

*Roberds, P. J.,* and *Hall, Kyle,* and *Holmes, JJ., con-*cur.