HENNINGTON, d.b.a. LAKE SHADY *v.* CURTIS, A MINOR, ETC.

No. 42873          February 3, 1964          160 So. 2d 193

436

*Dudley W. Conner*, Hattiesburg, for appellant.

*Zachary & Weldy,* Hattiesburg; *John D. Kervin,* Collins, for appellees.

GILLESPIE, J.

Carol Curtis, plaintiff-appellee, was injured while water skiing on Lake Shady owned and operated by Henry Hennington, defendant-appellant. The jury awarded Carol Curtis $5,000. Judgment was entered accordingly and defendant appealed. We hold that defendant was not guilty of any negligence proximitely contributing to plaintiff's injuries.

Since the jury found for plaintiff, we state the facts in the light most favorable to her. Defendant owned and operated an amusement park. He had a schedule of charges for swimming, go-cart racing, operating

boats and skiing on the 400-acre lake. The boat dock and other facilities used by the boat operators and skiers was on the opposite side of the lake from the swimming area. There was a concession stand and a place where skiers could change clothes. On the Sunday afternoon when plaintiff was injured there was only one employee in charge of the concession stand and boating activities on that side of the lake. The only rules defendant had with reference to the operation of motor boats towing skiers were that boats must circle the lake clockwise, and there must be a person in the boat in addition to the operator to act as observer. Defendant did not provide a patrol boat, nor did he give those engaged in skiing any instructions as to the duties of an observer.

On the day plaintiff was injured she was in a party of eight young people ranging in age from 15, plaintiff's age, to 17, the age of Herbert Beaumont who furnished the boat and skiing equipment. Plaintiff had been skiing for several years prior to the time she was injured. When her turn came to ski, Ronnie Bayliss operated the boat powered by a 75 HP outboard motor, and Jonee McElhaney rode in the boat with Bayliss. Plaintiff and Herbert Beaumont skied, each being towed by a nylon rope. Both wore ski belts. As plaintiff crossed a wave she lost one of her skies and continued for some distance on one ski and then fell into the water. Herbert Beaumont immediately turned loose his tow rope and sank into the water about fifteen feet from plaintiff.

Neither Ronnie Bayliss nor Jonee McElhaney were looking toward the skiers when plaintiff fell into the water, but they learned that she had fallen after the boat had traveled a short distance. Bayliss turned the boat around and ran it between plaintiff and Herbert Beaumont, pulling the two tow ropes. After the boat had passed between plaintiff and Beaumont, the latter told Bayliss to go get the ski plaintiff lost when

she hit the wave some distance back. Bayliss caused the boat to accelerate rapidly and neither he nor Jonee McElhaney were looking at plaintiff. As the boat moved away, one of the tow ropes rubbed plaintiff's neck and she attempted to lift the rope from her neck with her left hand. The rope cut and severed her ring finger and the first joint of her middle finger. Bayliss and Jonee McElhaney continued down the lake looking for the lost ski and did not know of plaintiff's injuries until later.

Defendant assigns as error the refusal of a requested peremptory instruction. We hold that this assignment is well taken.

■■ In determining whether the peremptory charge should have been given, we have carefully examined the evidence to ascertain whether there was any evidence that defendant was guilty of negligence either (1) by failing to provide a reasonably safe place for plaintiff to engage in skiing, or (2) failing to use reasonable care in providing and enforcing reasonable rules and regulations of skiing activities on the lake, or (3) in failing to use reasonable care in supervising skiing activities. The declaration and the instructions submitting the case to the jury are in vague and general terms, but, as we understand the arguments, these three propositions fairly state the main issues as specifically as they can be ascertained from the record.

There is no evidence whatever that the lake was not a reasonably safe place to ski. Plaintiff was not injured as the proximate result of any unsafe condition of the lake or the premises.

The Mississippi Boating Act of 1960, Chap. 165, Laws of 1960, provides in Sec. 21(1) that "No persons shall operate a motor boat on any waters of this state while towing any person or persons on water skis, or an aquaplane, or similar device without an observer in the boat in addition to the operator."

Assuming, without deciding, that defendant in the exercise of reasonable care was under a duty to require all boats towing persons on skis to have an observer in the boat in addition to the operator, the proof in this case shows that defendant did not breach such duty. Defendant had a rule or regulation that all boats towing persons on skis traverse the lake clockwise and have an observer therein, or at least some person in the boat in addition to the operator. The proof shows without dispute that Ronnie Bayliss was operating the boat and Jonee McElhaney was riding in the boat. No doubt Bayliss and Jonee McElhaney were careless in failing to keep a lookout for the trailing tow ropes and by driving the boat between the two skiers while pulling the tow ropes. But we are of the opinion that the operator of the lake cannot be charged with their negligence. Whether Jonee McElhaney was performing the duties an observer should perform was not a matter which defendant could reasonably control. The rules and regulations promulgated by the State Boating Safety Committee in accordance with the Mississippi Boating Act of 1960 provides that the observer in a boat towing a skier must be ten years of age or over. No other qualifications are set by the act or regulations.

Some lakes are patrolled by a patrol boat. Defendant had no patrol boat on the lake, but there is no proof that a patrol boat could control the activities of a large number of motor boats and skiers to the extent of preventing an accident of this sort. At the time of plaintiff's injury there were ten ski boats and fifty-seven skiers on the lake.

Appellee relies on the cases of Meridian Amusement Co. v. Roberson, 188 Miss. 136, 193 So. 335, and Mock v. Natchez Garden Club, 230 Miss. 377, 92 So. 2d 562, but these are not in point. Those cases involved the operation of swimming pools, small in area and which

could reasonably be controlled by furnishing proper life-guards and lighting. Those cases are not in point.

██ ■ Of course, this Court recognizes the general rule that the operator of a place for public amusement is bound to exercise reasonable care for the safety and protection of the patrons, but reasonable care did not require him to assume control over the actual operation of each boat towing skiers, or to instruct or inquire into the qualifications of observers riding in the ski boats.

The unfortunate accident sustained by plaintiff was due solely to the negligence of members of the skiing party for which defendant was not legally responsible.

Reversed and judgment here for appellant.

*Lee, C. J., and McElroy, Jones and Brady, JJ.,* concur.