BRYAN BROS. PACKING COMPANY, et al. *v.* GRUBBS

No. 43152          October 26, 1964          168 So. 2d 289

*Satterfield, Shell, Williams & Buford, Cary E. Bufkin,* Jackson, for appellants.

54

*George B. Grubbs, George G. Williamson,* Mendenhall, for appellee.

GILLESPIE, J.

Mrs. Earl Grubbs, plaintiff below and appellee here, sued P. B. Barnett, John Guyton and his employer, Bryan Bros. Packing Company, a corporation (hereinafter referred to as Bryan Bros.), to recover damages for personal injuries sustained in an automobile collision. Four automobiles were traveling south on U. S. Highway 49, a two-lane highway, about a mile north of Florence, Mississippi. It had been raining, the pave-

ment was wet, and traffic was heavy. The first vehicle, belonging to the State Game and Fish Commission, developed engine trouble and stopped in the highway. Plaintiff's Chevrolet was next in line and stopped to avoid hitting the Game and Fish Commission's station wagon. Barnett was third and stopped his vehicle to avoid hitting plaintiff's automobile. The Bryan Bros. vehicle, driven by defendant John Guyton, the last car in the line, ran into the rear of the Barnett car, forcing it forward and causing it to strike the rear of plaintiff's car. The Game and Fish Commission's vehicle was not struck. The jury found in favor of plaintiff against defendants Guyton and Bryan Bros., who prosecuted this appeal. The jury found in favor of Barnett and this appeal does not concern him.

The declaration charged Guyton was negligent in (1) driving his vehicle at an excessive speed, (2) failing to keep his vehicle under reasonable control, (3) failing to keep a proper lookout, and (4) driving too closely to the vehicle ahead. All these charges were denied on behalf of Guyton and Bryan Bros. The proof was in conflict, and whether Guyton was negligent was a question for the jury.

■■ ■ The granting at the request of plaintiff of instruction No. 5 is assigned as error. This instruction told the jury that the driver of a vehicle ". . . . must so drive his vehicle that he can actually discover an object, perform the manual acts necessary to stop, and bring his vehicle to a complete halt, if necessary, to avoid a collision with others. . . ." This instruction placed upon Guyton an absolute duty to avoid a collision with others. The standard required by the law is ordinary, or reasonable, care.

■■ ■ Instruction No. 6 granted at the request of plaintiff was directed to the question of speed and told the jury ". . . the driver or operator of any vehicle must decrease speed when special hazards exist by rea-

son of weather or highway conditions, and the speed shall be decreased as may be necessary to avoid collision with any person, vehicle or other conveyance on the highway.'' This instruction likewise placed upon Guyton an absolute burden to avoid a collision, when the standard of the law is that of ordinary, or reasonable, care.

The two aforementioned instructions must be considered in the light of the facts. It was late afternoon on a rainy day and the pavement was wet. Traffic was heavy. The disabled vehicle caused traffic to stop. Guyton testified that he was traveling at a speed of about thirty or forty miles per hour at a distance of thirty or forty feet behind the Barnett vehicle. According to his testimony, Barnett stopped suddenly without giving any signal. It was for the jury to determine whether Guyton exercised ordinary care under the circumstances. Hankins v. Harvey, 160 So. 2d 63 (Miss. 1964). Both of the said instructions are peremptory in character and denied the jury the right to determine whether under all the circumstances Guyton exercised ordinary care, both as to the speed he was driving immediately before the collision and in attempting to stop his vehicle. The errors in these instructions were not cured by the other instructions.

Instruction No. 7 granted at the request of plaintiff below was directed to the relationship of master and servant existing at the time of the collision between Guyton and Bryan Bros. It told the jury that Bryan Bros. admitted that Guyton was acting within the scope of his employment, and concluded with the statement that ''. . . in the event you should find for the plaintiff, then you are to return a verdict against both of said defendants, John Guyton and Bryan Brothers Packing Company.'' This instruction fails to take into account the fact that Barnett was also a defendant. It instructed the jury to find against both said defendants in the event it found for plaintiff, whereas, under the pleadings

and proof the jury could have found for the plaintiff against Barnett and in favor of Guyton and Bryan Bros. This error was no doubt an inadvertence and we do not indicate that the case would be reversed for this cause alone.

██ ■ Instruction No. 9 concerning the measure of damages is confusing and should not be given on retrial. It purports to authorize the jury to fix the amount of damages at such sum as will fairly compensate the plaintiff for the following:

''(a)  For the injuries, if any, sustained by Plaintiff directly and proximately caused by the act or omission of the defendants;

''(b)  The pain, suffering and mental anguish, if any, sustained or to be sustained by plaintiff because of her said injuries;

''(c)  Such damages, if any, as the jury may consider will compensate the plaintiff for her discomfort, if any, she has suffered, as a direct and proximate result of her said injuries; and

''(d)  Such amounts as will fairly and reasonably compensate the Plaintiff for permanent injuries, if any, that she may have received, all of which must be shown by a preponderance of the credible evidence to be directly and proximately caused or contributed to by the negligence, if any, of the defendants, including past and future, medical, drug and hospital expenses, if any, which Plaintiff has incurred or if you believe from a preponderance of the evidence that she will incur in the future, if any.''

This type of instruction is objectionable because it indicates to the jury that each paragraph is a separate item or kind of damage when in fact some of the elements are duplicated.  For instance, in paragraph (b) she may recover for pain, suffering and mental anguish and again in (c) she may recover for her discomfort suffered as a proximate result of her injuries.  This

allows pyramiding of damages and is erroneous. Copiah
Dairies v. Addkison, 247 Miss. 327, 153 So. 2d 689 (1963).

██ █ Error is assigned because of the granting, at
the request of plaintiff below, of the following instruc-
tion:

"The Court instructs the Jury for the plaintiff, Mrs.
Earl (Grace) Grubbs, that although there is a privilege
communication existing by law between a Doctor and
patient, the fact that the plaintiff testified as to the
treatment prescribed by Dr. George Twente waived said
privilege communication, and thereupon the defendant
or defendants had a right to call the said Dr. George
Twente as a witness to testify in this case."

It was error to instruct the jury that the privilege
had been waived. There was no express waiver. Plain-
tiff testified that Dr. Twente treated her, but there is
no testimony in the record as to the confidential com-
munications between appellee and Dr. Twente. There
was no implied waiver. See Coca-Cola Bottling Works
v. Simpson, 158 Miss. 390, 130 So. 479, 72 A.L.R. 143
(1930). Pullin v. Nabors, 240 Miss. 864, 128 So. 2d 117
(1961), relied upon by appellee, is not in point. The
error is compounded because the court, at the request
of Guyton and Bryan Bros., granted an instruction that
". . . plaintiff, and she alone, could compel the testi-
mony of Doctors Warner and Twente." These instruc-
tions are in direct and irreconcilable conflict concerning
who had the right to call Dr. Twente as a witness.

Error is assigned because of the admission over ob-
jection of Guyton and Bryan Bros. of repair bills to
plaintiff's automobile. Plaintiff sought recovery for
personal injuries, medical expenses and repairs to her
automobile. The proof showed that her automobile was
struck from behind, damaging the trunk lid, bumper and
rear light. It was a 1953 model Chevrolet. The accident
occurred on February 5, 1962. The repairs to these
damaged parts were made August 18, 1962, six months

after the accident. The bill therefor was $60.48. The other repair bill introduced was for $60.21, dated May 17, 1962, and covered "Overhaul of powerglide transmission." The only proof offered to establish the necessity and reasonableness of these repair bills was the testimony of plaintiff. She did not qualify as a mechanic. She said the repairs were necessary as a result of the damages sustained in the accident and that the car was not up to par after the accident and it would not reverse at times.

■■■ We held in National Fire Ins. Co. v. Slayden, 227 Miss. 285, 85 So. 2d 916 (1956), that where costs of repairs are relied upon as the measure of damages, the proof must establish (1) the repairs were necessary as a result of the wrongful act, and (2) the cost was reasonable. ■■■ The proof was insufficient to establish necessity or reasonableness of the cost of repairs to the transmission, nor the reasonableness of the costs of the other repairs. There is no proof that the collision damaged the transmission. The most harmful aspect of the erroneous admission of these repair bills is the inference that might be drawn therefrom. The jury returned a verdict for $20,000. The personal injuries were based on a sprain of the cervical spine, or "whiplash" injury. The damage to the rear of plaintiff's car was not extensive, when the repair bill of August 18, 1962, is considered, and indicated a relatively slight impact. On the other hand, if the impact damaged the transmission, that fact indicated a far greater impact; or, at least, such would be a permissible inference. This could have a bearing on the amount of damages for personal injuries, for the jury would have the right to consider the force of the impact in weighing the evidence on the question of damages.

■■■ Error is also assigned because plaintiff was allowed to introduce physicians' bills, hospital bills, and drug bills without proving that the services represented

thereby were necessary as a result of the accident, and the charges reasonable. We are of the opinion that it was error to admit most of the bills referred to herein. It would not have put a hardship on plaintiff to make the necessary proof, for causal connection between the medical expenses and the accident could have been proven by plaintiff and the physician who testified. ██ ■ A large number of drug bills were introduced on the testimony of the plaintiff that the items were bought for treatment of her injuries sustained in the accident. As to the prescriptions, all of which were listed by date and number, she said they were prescribed by her doctor and filled by the druggist. The testimony on the drug bills developed that several items were contained therein which had no causal connection with the injuries sustained in the accident in question. This points up the reason the law requires proof connecting medical and drug bills with the accident where these bills are relied upon as the measure of that element of damage. There should also be some proof that medical, hospital and drug bills are reasonable.

It is also contended that it was error to admit the testimony of a highway patrolman who was called to investigate the accident concerning the amount of damages, in terms of money, to the vehicles involved. ██■ We hold that it was proper for the officer to testify what he found upon arrival at the scene, including what parts of the several vehicles were damaged. He attempted to qualify as an expert by testifying that he was experienced in investigating accidents and that it was a part of his duty to fill out a form giving the amount of damages to each vehicle, but he did not qualify as a mechanic with knowledge of the cost of labor and materials in repairing automobiles. ██ ██ Over objection, he testified as to the amount of damages to each of the three vehicles in terms of money. This was error.

A serious question is raised by the contention the damages were excessive, but we do not reach that question since the case must be reversed for the errors hereinabove mentioned, several of which relate to liability and several to damages. We have given very careful consideration to the case as a whole, and we are of the opinion that it cannot be said the errors are harmless, although some of them standing alone would not justify reversal. The case is therefore reversed for a new trial.

Reversed and remanded.

*Kyle, P. J., and Ethridge, McElroy and Brady, JJ.,* concur.