DENNIS, et al. *v.* PRISOCK

No. 43709        December 13, 1965        181 So. 2d 125

*Satterfield, Shell, Williams & Buford,* Jackson; *McCraine & Fox,* Houston, for appellant.

578

*Armis E. Hawkins, James S. Gore,* Houston, for appellee.

ETHRIDGE, P. J.

This tort action for personal injuries was brought by Mrs. Kay W. Prisock (appellee) in the Circuit Court

of Chickasaw County against Frank L. Dennis, doing business as Dennis Brothers Contractors, and Jimmy Rhea (appellants). The jury returned a verdict of $30,-000.00 for Mrs. Prisock. We reverse and remand for a new trial. The judgment is against the great weight of the evidence, because it failed to trace the injuries to her back with requisite certainty to an efficient cause for which defendants are responsible. The trial court erred in allowing plaintiff to invoke the physician-patient privilege, since she effectively waived it; and in admitting doctor, hospital, nurse, and other medical bills, where they were not shown to be reasonable and necessary, and causally related to the defendants' negligent acts.

Between March 19, 1959 and January 31, 1962, Mrs. Prisock was involved in eight accidents. That on which this suit was based was the second in sequence. This action was filed on January 29, 1962, and was tried in October 1964.

The accident for which this suit was brought occurred on July 6, 1959. According to plaintiff's evidence, she was driving north in her father's automobile 80 to 100 feet behind a truck of Dennis Brothers Contractors, on which was located a water tank. The truck was being used to water fresh sod placed on the sides of a highway. The truck pulled right and stopped, Mrs. Prisock turned left to pass, but the truck shot back across the road at a 45 degree angle, striking the right front of her car with its right rear wheels. Her version was supported by testimony of a Dennis employee who said he saw the collision, and of her father, who told about an incriminating statement made to him later by Rhea, but denied by Rhea. On the other hand, defendants' version, according to Rhea, was that he stopped and waited to back the truck to a pond to get some water, when Mrs. Prisock ran into the rear of the vehicle. There is some dispute as to the extent of damage to the automobile, but the

weight of the evidence indicates it was relatively slight. Repairs were made by plaintiff's father some time later. Mrs. Prisock remained in Chickasaw County for a month assisting her husband in his campaign for state treasurer. Dr. John D. Dyer of Houston saw Mrs. Prisock the day after the collision, and diagnosed her trouble as a back strain.

The great weight of the evidence indicates that the contribution of the accident of July 6, 1959 to Mrs. Prisock's previous and subsequent back condition was relatively slight.

About four months before the above accident, on March 19, 1959, while Mrs. Prisock worked in Jackson at Mr. Prisock's office, she fell down a flight of stairs and suffered a large bruise over her lower back. Dr. Albert L. Gore ordered a back brace with metal or bone ribs, and she wore it. She recalled talking with Lee, a claim representative of the Jitney Jungle store, where the steps were located, relative to her claim for this fall, and telling him that she fell down the steps and hurt herself. She may have advised him that she hurt her back, since it was bruised. Lee said she stated she fell from the top to the bottom of the stairs, about twenty steps; and that she injured her back and also her kidney, and Dr. Gore had told her to wear a back brace all of the time, except in bed.

On September 1, 1959, Mrs. Prisock was involved in a serious car wreck in Gulfport, when she was thrown from her car on the pavement, was hospitalized there three days, and was moved to a Jackson hospital where she remained seven days. She admitted she struck the pavement with her head and shoulders, since her left ear was almost torn off, and her face, neck, shoulders and back were injured, and her arms and legs were skinned. She could not recall how much she was paid by the owner of the other vehicle for that collision, but would not deny that it was $11,870.

In the summer of 1960 Mrs. Prisock fell at her home. She said she had a sprained wrist, although she admitted that she blacked out, hurt her arm, and had a cast on it. She stated it was not uncommon for her to faint frequently. On September 10, 1960, Mrs. Prisock ran upon a street curb, hit a fire hydrant, and was taken to the hospital, where she remained for three days.

On April 24, 1961, Mrs. Prisock had another fall in the Jitney Jungle building, when her shoe heel went through the floor and she fell, following which she was hospitalized. She injured her lower extremities, twisted her ankle, and fell on her knees. As a result of the fall she suffered a miscarriage, surgery being performed.

On November 21, 1961, Mrs. Prisock fell and injured her left elbow. Dr. Dyer x-rayed it and treated her.

On January 31, 1962, Mrs. Prisock was driving north on North State Street in Jackson when another lady pulled her car into traffic and there was a collision with a substantial impact. It jolted Mrs. Prisock quite severely and threw her around against objects in the car. She was injured in the chest, shoulder, neck and back, and, being unable to get the local doctor she sought, she went to her parents' home in Chickasaw County and was treated by Dr. Dyer. She was hospitalized for thirty-nine days. Dr. Dyer gave her a myelogram, from which he diagnosed a ruptured lumbar disc. He then sent her to Jackson, where on March 13, 1962, Dr. Walter Neill performed disc surgery.

Dr. Dyer, plaintiff's witness, was the only doctor who testified. Over objection, he stated as his opinion that Mrs. Prisock sustained the disc injury to her back in the collision involving appellant's truck on July 6, 1959. Yet he had no knowledge of plaintiff's fall down a flight of stairs on March 19, 1959, and the surrounding facts. He did not know she fell in the summer of 1960, of the automobile collision of September 10, 1960, and of. a fall on April 24, 1961, or of the injuries resulting from

them. She told him about the September 1, 1959 accident, but he did not treat her for it, although he prescribed some sedatives over a period of time. His reason for concluding that the July 6, 1959 collision caused the ruptured disc was "that the first time I saw this patient with a back injury was at that time." He thought he was thus justified in presuming that was her original injury. However, he did not know that she was wearing a back brace after March 19, 1959, and it would change his opinion considerably if the brace was for a back injury. The first time he x-rayed Mrs. Prisock's lower back was in February 1962.

Under all of the foregoing circumstances, the verdict of the jury is against the overwhelming weight of the evidence. Plaintiff's evidence was sufficient to withstand a peremptory instruction, since the jury could find that defendants were negligent and as a proximate cause thereof Mrs. Prisock suffered some nominal injuries at the most. However, her evidence failed to connect or trace her back injuries with requisite certainty to an efficient cause for which the defendants are responsible. In fact, the great weight of the evidence indicates that there were at least five other accidents in which Mrs. Prisock was involved which were of a considerably more serious nature; and that at the most she received in this particular accident of July 6, 1959 only nominal damages.

Recoverable damages must be reasonably certain in respect to the efficient cause from which they proceed. Plaintiff had the burden to show by a preponderance of the evidence that the persons charged, the appellants, were the wrongful authors of all or an apportionable part of her damages. This she failed to do. As was said in Blizzard v. Fitzsimmons, 193 Miss. 484, 10 So. 2d 343 (1942): "A defendant chargeable with a nonconcurrent wrong may be made liable for damages for his part when the damages are

such that they may be apportioned, and a portion thereof can be traced with reasonable certainty to the wrong of the defendant as the cause of that portion. . . ." 193 Miss. at 493, 10 So. 2d at 345. This rule was followed and applied in Hardin's Bakeries, Inc. v. Mrs. Cecil (Helen) Kelly, 254 Miss. 126, 180 So. 2d 605; Jackson v. Swinney, 244 Miss. 117, 140 So. 2d 555 (1962); and Magnolia Petroleum Company v. Williams, 222 Miss. 538, 76 So. 2d 365 (1954). ██ █ The rule of certainty should not be strictly applied, but the evidence must support jury findings of reasonable probability. ██ █ In short, some minimum standards of proof as to the fact and extent of the loss will always be required. Harper and James, The Law of Torts § 25.3 (1956). Here there were multiple occasions of injury to Mrs. Prisock's back, preceding and subsequent to the accident of July 6, 1959. Yet the evidence does not show with any reasonable probability the connection between the accident in question and her back injuries, when it is considered with reference to her other accidents. Harper and James, The Law of Torts § 20.3 (1956).

██ █ This conclusion is further emphasized by the errors of the trial court in admitting, over objections, testimony by plaintiff concerning bills for doctors, hospitals, nurses and other expenses, covering a period from October 1959 through March 1962. Some of these bills can be identified with hospitalization of appellee resulting from other accidents. It was reversible error to admit them without plaintiff proving that the services represented thereby were necessary as a result of the particular accident, and the charges were reasonable. Hardin's Bakeries, Inc. v. Kelly, *supra;* Bryan Bros. Packing Co. v. Grubbs, 251 Miss. 52, 168 So. 2d 289 (1964); Jackson v. Swinney, *supra;* and National Fire Ins. Co. v. Slayden, 227 Miss. 285, 85 So. 2d 916 (1956).

██ █ It was also error to permit plaintiff to invoke the physician-patient privilege when defendants offered

as their witnesses two doctors who had treated Mrs. Prisock for her injuries. Miss. Code Ann. § 1697 (1956). Appellee waived the privilege by not only exhibiting to the jury the surgical scar on her back, but also by testifying in some detail about her injuries and communications from and to those physicians and treatments of her by them. ■■ ■■ Where a patient voluntarily goes into detail regarding the nature of her injuries and either testifies as to what the particular physician did or said while in attendance, or relates what she communicated to the physician, the privilege is waived, and the adverse party may examine the physician. McCormick, Evidence § 106 (1954); 97 C.J.S. *Witnesses* § 310 (c) (1957); 58 Am. Jur. *Witnesses* § 447 (1948); Lipscomb, Privileged Communications Statute — Sword and Shield, 16 Miss. L. J. 181 (1944); *cf.* Dixie Greyhound Lines, Inc. v. Matthews, 177 Miss. 103, 170 So. 686 (1936).

■■ ■■ On the third and last day of trial, plaintiff's counsel attempted to waive the privilege as to five physicians who had treated Mrs. Prisock, other than the two previously tendered by defendants and excluded because of the claimed privilege. This was not an effectual and timely waiver by which the testimony of these physicians was made reasonably and presently available to defendants. Gatlin v. Allen, 203 Miss. 135, 33 So. 2d 304 (1948). Since the jury arguments by appellee's counsel, assigned as error, will probably not reoccur, no ruling on them is necessary.

Reversed and remanded.

*Gillespie, Rodgers, Brady and Smith, JJ.,* concur.