GILLESPIE, Presiding Justice.
Harold Scallon, hereinafter referred to as plaintiff, filed suit in the Circuit Court of Hinds County against the Great Atlantic and Pacific Tea Company, Inc., hereinafter defendant, for personal injuries. Judgment was entered upon a jury verdict in favor of plaintiff for $20,000. Defendant appealed. We affirm.
Plaintiff, a resident of New Orleans, was injured while delivering merchandise to a store operated by defendant in Jackson, Mississippi. An employee of defendant negligently allowed a metal escalator to fall on plaintiff’s heel, injuring his Achilles’ tendon. The issue of liability was not raised on appeal. After an employee of defendant rendered first aid, plaintiff was carried by ambulance to Hinds General Hospital where the wound was sutured. Plaintiff was treated from 4 p. m. to about 9 p. m. at which time he went to the home of defendant’s store manager to spend the night. The next day he returned to New Orleans. There his leg began to swell and became infected. Treatment was administered by a Dr. Ciolino for two and a half or three months. Plaintiff was bedridden for three months and then on crutches and a wheel chair for another six months due to the fact that he was unable to place weight on the injured foot. He was later examined by a New Orleans *759 orthopedic surgeon, Dr. Levy, whose deposition is a part of the proof. Plaintiff still experiences pain and remains unable to work. He declined to undergo an exploratory operation that Dr. Levy recommended and, thus Dr. Levy would not attempt to make a prognosis of whether the incapacity was the result of scar tissue adhering to the tendon or whether the tendon itself was lacerated. However, at the time of trial plaintiff had been unable to work for the sixteen month period subsequent to his injury, although he had made efforts to return to his former occupation of driving a truck.
Defendant assigns as error the action of the trial court in refusing to allow Dr. Jack B. Campbell to testify on behalf of defendant. Plaintiff had not introduced Dr. Campbell when he rested his case. After the testimony of its store manager, defendant offered Dr. Campbell as a witness and the court sustained plaintiff’s objection based on the privileged communication statute. Defendant relies upon several authorities, particularly Dennis v. Prisock, 254 Miss. 574, 181 So.2d 125 (1965), in support of its argument that plaintiff waived the privilege as to Dr. Campbell by twice exhibiting the injury to the jury and by testifying concerning the treatment administered at the Hinds General Hospital by Dr. Campbell.
It is a close question as to whether under the holding of Dennis v. Prisock the plaintiff waived the privilege as to Dr. Campbell. Assuming, but not deciding, that plaintiff waived the privilege, the defendant may not successfully claim reversible error based on the action of the trial judge in sustaining the plaintiff’s objection to Dr. Campbell’s testimony. Immediately following the objection and the statement of counsel concerning the proposed testimony, Dr. Campbell was dismissed. Thereupon, counsel for plaintiff withdrew the objection previously made to Dr. Campbell’s testimony, and the court instructed the bailiff to overtake Dr. Campbell in the corridor of the courthouse. The bailiff was unable to do so and Dr. Campbell did not return to the stand. Nothing in the record reveals that defendant made any effort to secure the presence of Dr. Campbell. There was no request for assistance of the court, or additional process to require Dr. Campbell to return to the courtroom. The defendant was granted an instruction that since the plaintiff had been precluded from using Dr. Campbell as a witness there exists “a presumption that if Dr. Campbell had been introduced as a witness and testified on behalf of the plaintiff, that his testimony would have been unfavorable to the plaintiff.”
We are of the opinion that defendant should not bring about a reversal of the case when it had an opportunity to use the witness yet made no effort to avail itself of that opportunity. A litigant should not be permitted to complain of an error that he could have remedied with reasonable effort.
Defendant requested and was refused an instruction informing the jury that if Dr. Ciolino actually saw, examined and treated plaintiff during the period after the accident for his alleged injuries, “ * * * then, the plaintiff could have used Dr. Joseph J. Ciolino as a witness,” and, therefore, the jury would be justified in inferring that Dr. Ciolino’s testimony would have been unfavorable to the plaintiff. Dr. Ciolino is a resident of New Orleans, where he practices medicine; the trial was in Jackson, Mississippi. The record is silent as to whether Dr. Ciolino was available for testimony. For this reason, we cannot say the trial judge erred in refusing the requested instruction.
Affirmed.
RODGERS, JONES, BRADY and INZER, JJ., concur.