551 So.2d 178 (1989)
Ricky Lamar SESSUMS, by Lamar SESSUMS, next friend
v.
David McFALL and Tri-County Home Health Care, Inc.
No. 58540.
Supreme Court of Mississippi.
August 2, 1989.
As Modified on Denial of Rehearing September 20, 1989.
*179 Laurel G. Weir, Thomas L. Booker, Weir & Booker, Philadelphia, for appellant.
Johnny Wayne Pope, Robert N. Brooks, Carthage, for appellees.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
Appellant Ricky Lamar Sessums, by his father and next friend Lamar Sessums, filed a complaint in Circuit Court of Leake County for injuries and damages growing out of a motor vehicle/motorcycle accident on a county road. Appellees/Defendants were David McFall, the driver of the vehicle, and Tri-County Home Health Care, Inc. (Tri-County), his employer. Defendants admitted that at the time of the accident McFall was acting as the agent and servant of Tri-County within the scope of his authority and in furtherance of the business of the corporation.
After a jury trial, a verdict was returned in favor of defendants. Feeling aggrieved of this verdict, Sessums appeals assigning the following errors:
(1) THE LOWER COURT ERRED IN PERMITTING THE TREATING PHYSICIAN TO TESTIFY OVER THE OBJECTION OF APPELLANT AND IN REFUSING TO ALLOW APPELLANT CROSS EXAMINATION AS TO BIAS AND PREJUDICE OF SUCH WITNESS. (2) THE VERDICT OF THE JURY AND JUDGMENT OF THE COURT IS CONTRARY TO THE OVERWHELMING WEIGHT OF THE LAW AND EVIDENCE AND THE COURT ERRED IN REFUSING TO GRANT A NEW TRIAL. (3) THE COURT ERRED IN NOT PERMITTING APPELLANT TO CALL ROBIN LEWIS AS A WITNESS. (4) THE COURT ERRED IN REFUSING INSTRUCTION CD-4 AS REQUESTED BY APPELLANT.
Finding merit in assignment number one, we reverse and remand for a new trial.

I.
The incident which gave rise to this law suit occurred on a narrow county road in Leake County, Mississippi on June 25, 1985. Plaintiff/appellant Ricky Sessums was riding north on his motorcycle on his way home. Defendant/appellee, David McFall was driving his automobile south on the same road. There is a factual dispute as to where and how the accident occurred. Sessums contends he was hit 75 yards south of a fork in the road at a willow bush; that McFall was on the wrong side of the road; and McFall's lack of control of his vehicle caused the accident. McFall contends that the accident occurred in the fork of the road; Sessums pulled out in front of him; and collided with his right fender. At the time of the accident, McFall was working for Tri-County Home Health Care, Inc., acting within the scope of his authority and in furtherance of the business of that corporation.
There were no eyewitnesses to the accident other than the principals.

II.

DID THE LOWER COURT ERR IN PERMITTING THE TREATING PHYSICIAN TO TESTIFY OVER THE OBJECTION OF APPELLANT AND IN REFUSING TO ALLOW APPELLANT CROSS EXAMINATION AS TO BIAS AND PREJUDICE OF SUCH WITNESS?
Dr. James R. Mayfield was called as a witness by McFall. He was the first physician to treat Ricky Sessums after the accident. Dr. Mayfield was asked if he had obtained a history from Sessums as to how the accident occurred. Dr. Mayfield then testified, without further questioning, that Sessums stated that he had a wreck; that he was riding his motorcycle; and pulled out in front of a car. Sessums objected to *180 the testimony asserting the patient/doctor privilege. This objection was overruled. The doctor then went on to say that Sessums told him he was not watching where he was going and ran into the car. He did not testify as to Sessums' injuries or treatment.
Appellee mistakenly states that the privilege is abrogated by Miss. Rules of Evidence, effective January 1, 1986, citing Hughes v. Tupelo Oil Co., Inc., 510 So.2d 502 (Miss. 1987).
Rule 503 states:
(b) General Rule of Privilege. A patient has a privilege to refuse to disclose and to prevent any other person from disclosing (A) knowledge derived by the physician or psychotherapist by virtue of his professional relationship with the patient, or (B) confidential communications made for the purpose of diagnosis or treatment of his physical, mental or emotional conditions, ...
(d) Exceptions.
.....
(f) Any party to an action or proceeding subject to these rules who by his or her pleadings places in issue any aspect of his or her physical, mental or emotional condition thereby and to that extent only waives the privilege otherwise recognized by this rule.
The comment to Rule 503 goes on to state:
By virtue of this exception a party who seeks recovery of damages for a physical, mental or emotional injury waives the privilege for purposes of that action only and to the extent that he or she has put his or her physical ... condition in issue by his or her pleadings. With respect to any aspect of the party's physical ... condition not put in issue by his or her pleadings, the privilege remains in full force and effect.
Appellees contend that plaintiff waived this privilege, if any, by introducing Dr. Mayfield's bill into evidence. Appellees further argue that by answering questions on cross-examination concerning what he told Dr. Mayfield about the accident Sessums waived the privilege. Thirdly, Appellees argue that by testifying as to his injuries, Sessums waived the privilege, citing Dennis v. Prisock, 254 Miss. 574, 181 So.2d 125 (1965); Fishboats, Inc. v. Welzbacher, 413 So.2d 710 (Miss. 1982).
Neither Dennis nor Fishboats is applicable in this case. In both Dennis and Fishboats the nature of the injury was at issue, here the cause of the accident is the issue in question.
In Dennis the plaintiff sued for injuries sustained in an automobile accident. Whether plaintiff's back injury was a preexisting condition was an issue in the case. The court allowed plaintiff to invoke the physician-patient privilege when defendants attempted to call two doctors who had treated plaintiff for previous back injuries. In reversing the lower court the Dennis court held that plaintiff had waived the privilege by exhibiting to the jury the surgical scar on her back, and by testifying in detail about her injuries and communications from and to those physicians and treatment of her by them. The court went on to state that: "(w)here a patient voluntarily goes into detail regarding the nature of her injuries and either testifies as to what the particular physician did or said while in attendance, or relates what she communicated to the physician, the privilege is waived, and the adverse party may examine the physician." 254 Miss. at 584, 181 So.2d 125. That did not occur here.
Fishboats involved a claim for a knee injury sustained by an employee aboard a fishing vessel. This court stated that the physician-patient privilege is waived where a plaintiff voluntarily exhibits the injured portions of his body to the jury for inspection. The court limited this waiver to treatment of the knee injury and specifically stated that no such waiver occurred as to any treatment to other portions of plaintiff's body. 413 So.2d at 714.
The information given to Dr. Mayfield concerning the cause of the accident is clearly privileged under Rule 503. By filing suit and submitting evidence on his injuries, Sessums waived the privilege only to the extent of those injuries. Dr. *181 Mayfield testified that he learned of the cause of the accident in order to treat Sessums. This knowledge was indisputably obtained by virtue of the professional relationship, and should not have been disclosed by the physician to anyone without the consent of his patient.
Sessums did not waive the privilege by introduction of Dr. Mayfield's medical bill. Rule 503(f) limits the extent of the waiver to aspects of the plaintiff's physical condition placed in issue by the pleadings. This is consistent with both Dennis and Fishboats which view waiver of the physician/patient privilege as narrowly as possible. We find that Sessums waived the privilege only as it relates to his injuries, and expenses for treatment. This does not include the details of how the accident occurred.
Sessums did not waive the privilege by answering questions on cross-examination and denying that he had made the statements to Dr. Mayfield mentioned above.
We have previously held that the testimony of a plaintiff on cross-examination as to communications made to his physician is not voluntary so as to constitute a waiver of his privilege. Coca Cola Bottling Works v. Simpson, 158 Miss. 390, 130 So. 479, 481 (1930). See: McCormick on Evidence (2 Ed. 1983) 220.
We hold that the privilege was not waived and that the admission of the testimony over the continuing objection of the plaintiff was error.
The evidence was conflicting as to how the accident occurred and the improper admission of the testimony of the physician appears likely to have been a major factor in the jury's decision. The error is of such magnitude as to leave no doubt that the appellant was unduly prejudiced. See: Davis v. Singing River Electric Power Ass'n., 501 So.2d 1128, 1131 (Miss. 1987).

III.
The appellant complains that the court should have given instruction CD-4 which was proposed as follows:
The court instructs the Jury in reference to the Counter Claim filed by David McFall, if you believe from the preponderance of the evidence in this case that the demand of said defendant/counterclaimant, David McFall, is valid, and equals the demand of the plaintiff/counterdefendant (sic), the Judgment shall be that plaintiff take nothing and pay the cost of court and if you believe from a preponderance of the evidence that the demand of plaintiff is valid and exceeds that of the defendant, David McFall, the plaintiff shall have Judgment for only that portion of his demand which exceeds the valid demand of the defendant/counterplaintiff, David McFall, with costs of court, and if you believe from a preponderance of the evidence in this case that the demand of defendant/counterplaintiff, David McFall, by next friend, is valid, and exceeds the demand of the plaintiff, Ricky Lamar Sessums, by next friend, the counter plaintiff shall have Judgment for the amount by which his claim exceeds the claimant of the plaintiff/counterdefendant with costs of court.
This instruction is confusing and is partially incorrect, particularly in its alternative last postulated. The court ruled correctly in refusing it. In the event of a new trial, however, the jury should be instructed as to how to deal with a complaint and counter-claim. We invite attention to Rule 49(b) Miss.R.Civ.Pro. See also: Pham v. Welter, 542 So.2d 884 (Miss. 1989).
This case is reversed and remanded.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.