McMILLIN, C. J.,
for the Court.
¶ 1. Fred Nosser was denied compensation for a claimed work-related back injury. The Mississippi Workers’ Compensation Commission concluded that Nosser had failed to carry his burden of showing that the injury occurred while he was acting in the course and scope of his employment. Nosser appealed that decision without success to the Circuit Court of Warren County and now asks this Court to reverse that decision. We affirm.
I.
Facts
¶ 2. Nosser claimed to have injured his back while attempting to move a heavy box of broken glass on Saturday morning, March 28, 1998, while at work for his employer, First American Credit Corporation. Nosser testified to having contemporaneously informed a fellow worker, Thaddeus Markos, and his supervisor, David Norman, that he had hurt his back while performing the assigned task of cleaning up the broken glass from the rear of the business.
¶ 3. Both of these individuals testified at the hearing and denied that Nosser had made any such statements to them. Mar-kos further testified that Nosser had discussed with him the fact that Nosser had borrowed a tiller from the employer for personal use at his residence several days earlier and reported that its use had been “rough on his back.”
¶ 4. Nosser first saw a treating physician in regard to his injuries on April 1, 1998, when he was seen by Dr. Jose Ferrer. Dr. Ferrer’s clinic notes dictated shortly after the visit included a medical history from Nosser indicating that the injury had occurred while he “was doing some work around the home.” Nosser’s attorney filed a motion seeking to exclude that portion of the medical records as being a privileged communication protected by the physician-patient privilege that was neither explicitly waived by Nosser nor implicitly waived by his having pursued a claim for compensation. Despite Nosser’s motion, the clinical notes including the pertinent history were received into evidence.
¶ 5. The administrative law judge relied, at least in part, upon the notation in the doctor’s records in making his determination that the injury was not work related. The administrative law judge determined that Nosser had failed to prove satisfactorily that his back injury was incurred during the course of his employment and denied compensation on that basis. Nosser appealed that decision to the Full Commission. His appeal specifically included the issue of whether the administrative law judge improperly considered inadmissible matters protected from disclosure by the physician-patient privilege. The Commission summarily affirmed the administrative law judge’s decision in all respects. The circuit court affirmed the Commission’s decision in Nosser’s subsequent appeal, prompting Nosser to appeal to this Court.
II.
Issues
¶ 6. Nosser seeks to attack the Commission’s ruling on two fronts. First, he claims that the Commission erred in considering the statement allegedly made by Nosser to Dr. Ferrer as being a privileged *180 communication protected from disclosure by the applicable doctor-patient privilege. Secondly, Nosser claims that, when considering the totality of the evidence bearing on the question, even if the patient history is included, the substantial weight of the evidence supports the conclusion that Nos-ser was injured while on the job.
A.
Privilege
¶ 7. Proceedings before the Mississippi Workers’ Compensation Commission are not judicial proceedings in which evidence may only be admitted in strict accordance with the applicable rules of evidence. Miss.Code Ann. § 71-3-55 (Rev.2000); Brock v. Hankins Lumber Co., 786 So.2d 1064, 1068(¶ 21) (Miss.Ct.App.2000). Nevertheless, the Mississippi Supreme Court has said that, in the name of fundamental considerations of due process, the traditional rules of evidence must guide the admissibility of information intended to assist the Commission in making its determinations to some extent. Cooper’s, Inc., of Miss. v. Long, 224 So.2d 866, 870 (Miss.1969). Specifically, the supreme court has said that filing a claim for compensation does not constitute a blanket waiver by the claimant of the physician-patient privilege that protects disclosure of information made known to a treating physician to assist in determining the proper course of treatment. Id. Rather, the workers’ compensation statute removes the privilege only from “[mjedical and surgical treatment as provided in this section .... ” Miss.Code Ann. § 71-3-15(6)(Rev.2000).
¶ 8. Nosser argues that a patient’s statement indicating the location of where the injury was incurred does nothing to assist the physician in formulating a proper course of treatment for his back injury and, thus, would not be covered by the limited waiver of the privilege as contemplated by the statute. He relies on the case of Sessums v. McFall, 551 So.2d 178 (Miss.1989), which he contends stands for the proposition that information related to a physician concerning the circumstances of an accident that is not useful in formulating a course of treatment is not waived by putting one’s condition at issue.
¶ 9. Sessums was not a workers’ compensation case. In Sessums, the Mississippi Supreme Court considered that part of a claimant’s medical records in which the patient had informed the treating physician that his injury occurred because “he was not watching where he was going and ran into a car.” Sessums, 551 So.2d at 180. Sessums, the plaintiff, had not called the treating physician as a witness. Rather, he had simply introduced his statement for services as an element of his damages. The defendant, McFall, called the doctor as a witness and elicited this medical history over Sessums’s objection that the communication was privileged. The supreme court concluded that Sessums “did not waive the privilege by introduction of [the] medical bill,” nor “by answering questions on cross-examination and denying that he made the statements.... ” Id. at 180-81.
¶ 10. However, in the later case of Bechtel Corp. v. Phillips, which was a workers’ compensation case, the supreme court placed substantial reliance on the claimant’s history given his treating physician that “the injury derived from something that happened at his home.... ” Bechtel Corp. v. Phillips, 591 So.2d 814, 816 (Miss.1991). As in the case now before us, there was other evidence tending to cast doubt on the worker’s claim that he was injured at work, but there can be no doubt that the court considered the patient’s history contained in his medical records relating to the specific injury for which he claimed compensation to be com *181 petent evidence. Id. at 818. It is evident to this Court that, in the context of workers compensation claims, the supreme court would not countenance such a narrow interpretation of Section 71-3-15(6) as Nosser contends is appropriate, where every entry must be weighed to determine whether or not it arguably assists the physician in formulating a plan of treatment and becomes properly available for consideration by the Commission only if it is determined to be helpful in that respect. Instead, we are satisfied, based on the Bechtel Corp. v. Phillips case, that the supreme court interprets Section 71-3-15(6) as opening up for consideration by the Commission all medical records generated as a part of the claimant’s treatment for the injuries which form the basis for his compensation claim. Such an interpretation of the statute, arguably wider in latitude than the supreme court’s interpretation of Mississippi Rule of Civil Procedure 503 found in Sessums, appears nevertheless to be entirely neutral and not prejudicial to either side in a contested compensation claim since it is probably often the case that the patient history would reflect the claimant’s contention that the injury was incurred on the job, rather than an assertion to the contrary, and that contention would be a proper factor in the Commission’s inquiry.
¶ 11. We do not think that the Commission erred as a matter of law in considering the medical history of where the injury occurred as related by Nosser in the course of seeking treatment for his back injury.
B.
Totality of the Evidence
¶ 12. Nosser testified at the hearing that he, in fact, never told Dr. Ferrer that he was injured at home. He contends that the entry in the medical records to that effect, even if admissible, has no probative value because it is the result of either (a) Dr. Ferrer’s misunderstanding of what Nosser told him, or (b) confusion and failed memory by the physician as demonstrated by evidence that the record was not contemporaneously dictated but was, in fact, completed as long as one day after Nosser’s initial visit and after Dr. Ferrer had seen a substantial number of additional patients.
¶ 13. Nosser notes that, though Dr. Ferrer’s deposition was taken, he never reaffirmed during the course of the deposition his belief as to the accuracy of the entry relating to the patient history. Dr. Ferrer did not testify regarding his recall of the circumstances surrounding that entry because Nosser’s counsel objected to any such inquiry by counsel for the employer and Dr. Ferrer, on advice of his own attorney who had accompanied him to the deposition, declined to answer any question aimed at either strengthening or weakening the probative value of the entry. Although the administrative judge later ruled the entry itself admissible for consideration, no effort was made by either side to re-open Dr. Ferrer’s deposition to bolster or undermine the evi-dentiary worth of the record entry. The Commission, sitting as trier of fact, determines what weight and worth to assign to the evidence. Liberty Mut. Ins. Co. v. Holliman, 765 So.2d 564, 567-68(¶ 6) (Miss.Ct.App.2000). It is apparent that the Commission chose to continue to place some credence in the medical history entry even after its value had been impeached to some degree by a showing that it was not contemporaneous in the sense of having been made during the course of, or immediately at the conclusion of, Nosser’s office visit. As an appellate court, we would exceed our authority if we simply substi *182 tuted our own view as to the affect of some slight delay in the doctor’s dictation of his office visit notes on the probative value of the notes. Sibley v. Unifirst Bank, 699 So.2d 1214, 1218 (Miss.1997). That is not the proper role of an appellate court.
¶ 14. Remembering that Nosser had the burden of proving the work-related nature of his injury, we note that the Commission was faced with the fact that the only affirmative evidence tending to show that it was a work injury was Nos-ser’s own uncorroborated testimony. The Commission found this evidence unpersuasive. It did so, in part, because of Nos-ser’s attempts to bolster his claim by testifying that he informed both Markos and Norman on the morning of the alleged lifting accident that the event had occurred only to have both witnesses deny such an occurrence. Nosser’s response in his brief is to attack the credibility of these two witnesses, claiming bias on their part arising out of their own relationship with Nos-ser’s employer. Again, though a showing of bias is an appropriate means of impeaching the probative value of a witness’s testimony, such a showing does not necessarily discredit the evidence as a matter of law. Rather, it becomes one of the considerations for the finder of fact to weigh in assessing what worth the evidence should receive. McGowan v. Orleans Furniture, Inc., 586 So.2d 163, 167 (Miss.1991).
¶ 15. The Commission sits as finder of fact responsible for resolving disputes in the evidence. Attala County Nursing Center v. Moore, 760 So.2d 784, 787(¶ 7) (Miss.Ct.App.2000). In adopting the administrative law judge’s opinion, the Commission apparently concluded that Nosser’s fellow workers were more credible than he was in relating the events of the Saturday morning in question. Additionally, the Commission found the contemporaneous entry in the treating physician’s medical records to add weight to the separate evidence provided by Markos that Nosser had been complaining of stress to his back arising out of the use of a borrowed tiller at home.
¶ 16. Considering the doubts raised by the evidence as to Nosser’s veracity in the matter of the source of his injury, the Commission concluded that Nosser had failed to carry his burden to show that his injury was work related. Owens v. Washington Furniture Co., 780 So.2d 643, 645(¶ 6) (Miss.Ct.App.2000). We undertake only a limited review of the Commission’s actions in regard to resolving disputed issues of fact and are not to interfere if we are satisfied that there is substantial evidence in the record to support the Commission’s determination. Marshall Durbin Companies v. Warren, 633 So.2d 1006, 1010-11 (Miss.1994). In this case, we are satisfied that there is substantial evidentiary support for the proposition that Nosser did not offer the necessary quantum of evidence to carry his burden of showing that his back injury arose out of an incident connected with his work at First American Credit Corporation.
¶ 17. For that reason, we determine that there is no reasoned basis for this Court to interfere in the decision reached by the Commission.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING and SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.